UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

DARIUS LEWIS,

          Plaintiff,          Case No. 1:24-cv-1068

v.                                    Honorable Jane M. Beckering

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Michigan Department of Corrections (MDOC) and Heidi Washington. The Court will also dismiss, for failure to state a claim, the following claims against remaining Defendants Dirschell and Blount: Plaintiff's equal protection claims, claims against Defendant Dirschell in his official capacity for monetary damages, and Religious Land Use and Institutionalized Persons Act

(RLUIPA) claims against Defendants Dirschell and Blount in their respective individual capacities. Plaintiff's First Amendment free exercise claims against Defendants Dirschell and Blount individually, First Amendment free exercise claim against Defendant Dirschell in his official capacity for injunctive relief, and Plaintiff's RLUIPA claim against Defendant Dirschell in his official capacity for injunctive relief remain in the case.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the MDOC at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County, Michigan. The events about which he brings this action, however, occurred at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Plaintiff sues the MDOC, MDOC Director Heidi Washington, MDOC Special Activities Coordinator Adrian Dirschell, and DRF Chaplain Lonnie Blount. Plaintiff sues Defendant MDOC in its official capacity, and Defendants Washington and Dirschell in their official and individual capacities, and Defendant Blount in his individual capacity. (Compl., ECF No. 1, PageID.4.)

Plaintiff is "a devout Muslim in the Nation of Islam." (*Id.*, PageID.5.) He claims that, as a Muslim, he must follow strict dietary laws, including not consuming soy or items that have been cross contaminated with soy. (*Id.*) Because "90% of the vegan menu is soy," Plaintiff requested an alternative diet that represents his "sincerely held beliefs in the Nation of Islam." (*Id.*)

Plaintiff alleges that Defendants Blount and Dirschell are responsible for evaluating and approving requests for religious and alternative diets. (*Id.*, PageID.4.) On February 1, 2024, Defendant Blount interviewed Plaintiff to determine whether a Halal religious diet or alternative diet was necessary to accommodate Plaintiff's sincerely held religious beliefs. (*See* Grievance, *id.*, PageID.17.) During this interview, Defendant Blount recommended that Plaintiff's request be

2

approved. (*See* Grievance Resp., *id.*, PageID.18.) However, Plaintiff claims that Defendant Blount incorrectly wrote down Plaintiff's responses to Defendant Blount's questions and refused to add Plaintiff's additional commentary, which resulted in Defendant Dirschell denying Plaintiff's request for an alternative diet. (*See* Compl., *id.*, PageID.5; *see also* Grievance, *id.*, PageID.29.) Plaintiff claims that in April of 2024 Defendant Blount also denied Plaintiff the opportunity to appeal the denial that was given to Nation of Islam members. (Compl., *Id.*, PageID.5.) Finally, on May 15, 2024, Defendant Blount denied Plaintiff the opportunity to submit additional "expert[] documentation" regarding Plaintiff's requested diet and, instead, "constructed his own fact finding solutions . . . ," leading to the continued denial of Plaintiff's requested diet. (*Id.*, PageID.7.)

As a result of the foregoing actions by Defendants, Plaintiff seeks monetary and injunctive relief.

**II.     Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff states that he intends to bring three "claims for relief": a First Amendment claim for violation of Plaintiff's right to free exercise of religion, a Fourteenth Amendment equal protection claim, and a RLUIPA claim. (Compl., ECF No. 1, PageID.8.)

### A. Claims Against Defendant MDOC

As noted above, Plaintiff has named the MDOC as a Defendant in this matter. Plaintiff, however, may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has

not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See*, *e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. The Court, therefore, will dismiss the MDOC as a Defendant.

### B.    Claims Against Defendants Washington and Dirschell in their Official Capacities

Plaintiff sues Defendants Washington and Dirschell in their official and individual capacities.[1] Although an action against a defendant in his or her individual capacity intends to impose liability on the specified individual, an action against the same defendant in his or her official capacity intends to impose liability only on the entity that they represent. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the MDOC. *See Will*, 491 U.S. at 71; *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Because the State of Michigan and its departments are immune under the Eleventh Amendment from suit in the federal courts, Plaintiff's claims for damages against Defendants Washington and Dirschell in their respective official capacities are also barred by

---

[1] Plaintiff sues Defendant Blount in Blount's individual capacity only. (*See* Compl., ECF No. 1, PageID.4.)

sovereign immunity. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1988).

Here, Plaintiff seeks injunctive relief, as well as damages. An official capacity action seeking declaratory and injunctive relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). Importantly, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Moreover, "[i]n making an officer of the State a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional it is plain that such officer must have some connection with the enforcement of the act. . ." *Ex parte Young*, 209 U.S. at 157.

Here, Plaintiff seeks an alternative religious diet, which he claims cannot be provided to him without final approval by the MDOC's Special Activities Coordinator, Defendant Dirschell. Plaintiff does not allege that the MDOC Director, Defendant Washington, plays any role in that approval process. Accordingly, the Court will dismiss Plaintiff's official capacity claim for injunctive relief against Defendant Washington and will allow Plaintiff to proceed with his official capacity claim for injunctive relief against Defendant Dirschell only.

### C.    Individual Capacity Claims Against Defendant Washington

Although Plaintiff specifically names MDOC Director Washington as a Defendant in her individual capacity, Plaintiff describes only that Defendant Washington is responsible for creating and implementing the general policy regarding religious meals. (ECF No. 1, PageID.4.) Plaintiff does not describe any actions by Defendant Washington related to the denial of Plaintiff's requested alternative religious meal.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 545 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Plaintiff's allegations against Defendant Washington fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). For that reason alone, all individual capacity claims against Defendant Washington are properly dismissed.

Moreover, to the extent Plaintiff seeks to hold Defendant Washington liable because of her supervisory position, the Court notes that government officials may not be held liable for the

unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Here, Plaintiff fails to allege that Defendant Washington encouraged or condoned any allegedly unconstitutional conduct, or authorized, approved, or knowingly acquiesced in that conduct. Although Plaintiff alleges in a conclusory manner that Defendant Washington is responsible for creating and implementing the general policy regarding religious meals, Plaintiff fails to allege any facts to show that Defendant Washington was personally involved in the events described in Plaintiff's complaint. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. For these reasons, the Court will dismiss Plaintiff's individual capacity claims against Defendant Washington.

### D.  Claims Against Defendants Blount and Dirschell

#### 1.  First Amendment Free Exercise Claims

Plaintiff claims that Defendants Blount and Dirschell, in denying Plaintiff's request for an alternative religious diet, violated Plaintiff's rights under the First Amendment. The First Amendment provides "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . ." U.S. Const. amend I. The right to freely exercise one's religion falls within the fundamental concept of liberty under the Fourteenth Amendment. *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). Accordingly, state legislatures and those acting on behalf of a state are "as incompetent as Congress" to interfere with the right. *Id.*

While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). To establish that this right has been violated, Plaintiff must establish (1) that the belief or practice he seeks to protect is religious within his own "scheme of things," (2) that his belief is sincerely held, and (3) that Defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d

9

1220, 1224–25 (6th Cir. 1987); *see also Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (same); *Bakr v. Johnson*, No. 95-2348, 1997 WL 428903, at *2 (6th Cir. July 30, 1997) (noting that "sincerely held religious beliefs require accommodation by prison officials").

Taking Plaintiff's allegations as true, as is required at this stage of the litigation, the Court will allow Plaintiff to proceed with his First Amendment claims against Defendants Blount and Dirschell.

### 2. RLUIPA Claims

Plaintiff also brings claims against Defendants under RLIUPA. RLUIPA, 42 U.S.C. § 2000cc-1(a), provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to [a prison] . . . unless the government demonstrates that imposition of the burden on that person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." *Id.*; *see also Haight v. Thompson*, 763 F.3d 554, 559–60 (6th Cir. 2014).

RLUIPA creates a burden-shifting framework for assessing prisoner claims. A prisoner bears the initial burden to show (1) his desired religious exercise is motivated by a "sincerely held religious belief" and (2) the government is substantially burdening that religious exercise. *Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 458 (6th Cir. 2019); *see also Ackerman v. Washington*, 16 F.4th 170, 179 (6th Cir. 2021) (citation omitted). "If the prisoner successfully shows the state substantially burdens a sincere religious belief, the burden shifts to the government to justify the burden on the religious adherent under the 'daunting compelling interest and least-restrictive-means test,' with a slight twist." *Ackerman*, 16 F.4th at 179 (quoting *Cavin*, 927 F.3d at 458). Courts must give "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and

discipline, consistent with consideration of costs and limited resources." *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005).

However, RLUIPA does not create a cause of action against an individual in that individual's personal capacity. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 331 (5th Cir. 2009), *aff'd, Sossamon v. Texas*, 563 U.S. 277 (2011);[2] *see also Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) ("[RLUIPA] does not create a cause of action against state employees in their personal capacity."); *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013) ("RLUIPA does not provide a cause of action against state officials in their individual capacities . . . .").[3] Therefore, Plaintiff's RLUIPA claims for damages, declaratory, or injunctive relief against Defendants Blount and Dirschell in their respective personal capacities are properly dismissed.

RLUIPA also does not permit damages claims against prison officials in their official capacities. As discussed above, a suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity. *See Will*, 491 U.S. at 71. In *Sossamon*, the Supreme Court held that the RLUIPA did not abrogate sovereign immunity under the Eleventh Amendment. 563 U.S. 277; *see also Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under RLUIPA."). Therefore, although the

---

[2] The Supreme Court granted certiorari only on the question "Whether an individual may sue a State or state official in his official capacity for damages for violation of" RLUIPA. *Sossamon v. Texas*, 560 U.S. 923 (2010). Thus, the Supreme Court left undisturbed and unreviewed the Fifth Circuit's holding that "RLUIPA does not create a cause of action against defendants in their individual capacities." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 331 (5th Cir. 2009).

[3] In *Haight v. Thompson*, 763 F.3d 554 (6th Cir. 2014), the Sixth Circuit analyzed whether Congress's spending power permitted a RLUIPA damages claim against an individual prison official in the official's personal capacity. The court rested its determination that such claims were not permitted on its conclusion that "appropriate relief" under RLUIPA was not a sufficiently clear statement to authorize such a damages claim. *Id.* at 567–69. The court stopped short of adopting the reasoning that swayed the Fifth Circuit in *Sossamon* and subsequent federal circuit court panels. *Haight*, however, did not squarely present the issue whether a personal capacity suit for injunctive or declaratory relief might be available.

statute permits the recovery of "appropriate relief against a government," 42 U.S.C. § 2000cc-2(a), monetary damages are not available under RLUIPA.

That leaves only a RLUIPA claim for injunctive relief against Defendant Dirschell in his official capacity,[4] which as previously discussed, is not barred by sovereign immunity. *See Ex parte Young*, 209 U.S. at 159–60. The Court finds that Plaintiff has alleged sufficient facts to state such a claim at this stage of the proceedings.

### 3. Fourteenth Amendment Equal Protection Claim

Plaintiff includes a claim for violation of his right to equal protection. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, Plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Further, "'[s]imilarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)). Here, Plaintiff fails to allege any facts suggesting that others who were similarly situated in all material respects were treated differently. This failure is fatal to Plaintiff's claim. Accordingly, the Court will dismiss Plaintiff's equal protection claim.

---

[4] Plaintiff names Defendant Blount in his individual capacity only.

**Conclusion**

Having conducted the review required by the PLRA, the Court determines that Defendants MDOC and Washington will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, the following claims against remaining Defendants Dirschell and Blount: Plaintiff's equal protection claims, claims against Defendant Dirschell in his official capacity for monetary damages, and RLUIPA claims against Defendants Dirschell and Blount in their respective individual capacities. Plaintiff's First Amendment free exercise claims against Defendants Dirschell and Blount individually, First Amendment free exercise claim against Defendant Dirschell in his official capacity for injunctive relief, and Plaintiff's RLUIPA claim against Defendant Dirschell in his official capacity for injunctive relief remain in the case.

An Order consistent with this Opinion will be entered.


Dated:   November 20, 2024                          /s/ Jane M. Beckering
                                                    Jane M. Beckering
                                                    United States District Judge