UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DARIUS LEWIS,

      Plaintiff,

                                 Case No. 1:24-cv-1068

v.

                                 HON. JANE M. BECKERING

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.

_____/


**OPINION AND ORDER**

      This is a pro se prisoner civil rights action filed in forma pauperis and pursuant to 42 U.S.C. § 1983.  The two remaining Defendants in this matter, Adrian Dirschell and Lonnie Blount, have filed a motion for summary judgment (MSJ, ECF No. 35).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, ECF No. 41), recommending that the Court grant Defendants' motion for summary judgment and deny Plaintiff's requests for an injunction and a temporary restraining order (*see* Compl., ECF No. 1; TRO, ECF No. 26).  Presently before the Court are Plaintiff's objections to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has reviewed de novo those portions of the Report and Recommendation to which objections have been made.

      Plaintiff has filed a three-page document entitled "motion to object to report and recommendation" which lists seven separately numbered "objections" (*see* Obj., ECF No. 47). The Court will address each in turn.  For the reasons stated below, the Court concludes that Plaintiff's objections lack merit and the Court will adopt the Report and Recommendation.

Plaintiff's first, second, and third objections assert that Plaintiff requested an "alternative diet" and that Plaintiff did not wish to eat a "vegan diet" (*id.* at PageID.259–260).  These objections fail at the outset because Plaintiff has not "specifically identif[ied]" the portions of the Report and Recommendation to which they apply, violating this Court's rules.  *See* W.D. Mich. LCivR 72.3(b).  The Magistrate Judge explained that "portions of plaintiff's complaint, motions and other papers filed in this lawsuit confuse and conflate [his] claims" on this point, and the Report and Recommendation discussed at length the procedural requirements for making an "alternative diet" request (*see* R&R, ECF No. 41 at PageID.226–228).  Plaintiff fails to engage with or demonstrate error in the Report and Recommendation's analysis of this issue (*see id.*).  Additionally, as Defendants note in their response to the objections, Plaintiff improperly restates arguments he previously raised to the Magistrate Judge.  *See* Resp., ECF No. 48 at PageID.266–267; *accord Evans v. Ordiway*, No. 2:24-CV-36, 2026 WL 309173, at *4 (W.D. Mich. Feb. 5, 2026) ("Plaintiff merely reiterates his arguments presented before the magistrate judge, which are not valid objections to a report and recommendation. An 'objection' that merely 'restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.'") (citing *Peacock v. Comm'r of Soc. Sec.*, No. 1:15-CV-572, 2016 WL 2997429, at *1 (W.D. Mich. May 25, 2016)); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) ("Such duplication defeats the purpose of the Federal Magistrates Act[.]").  These objections lacks merit.

Plaintiff's fourth objection addresses evidence that he purchased "food from the prison store" that did not conform to his religious diet (*see* Obj., ECF No. 47 at PageID.260).  Plaintiff argues that these purchases did "not violate my sincerely held beliefs" because purchasing the items and eating the items are different things, and if Plaintiff "was seen eating these items then yes but purchasing no that do[es] not violate my sincerely held beliefs" (*see id.*).  Again, Plaintiff

has not "specifically identif[ied]" the portions of the Report and Recommendation to which this objection applies, violating the Court's rules.  *See* W.D. Mich. LCivR 72.3(b).  And Plaintiff's arguments fail to demonstrate factual or legal error in the Magistrate Judge's analysis (*see* Response, ECF No. 48 at PageID.266–267).  The Court will deny this objection.

Plaintiff's fifth through seventh objections argue that Defendants violated his constitutional rights, citing to the Complaint rather than to the Report and Recommendation (*see* Obj., ECF No. 47 at PageID.260–261).  Again, Plaintiff has not "specifically identif[ied]" the portions of the Report and Recommendation to which his objections are made, *see* W.D. Mich. LCivR 72.3(b), and his objections fail to the extent that he "merely reiterates [the] arguments presented before the magistrate judge," *see Evans*, 2026 WL 309173 at *4.  These objections lack merit.

In sum, Plaintiff's objections fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusions.  The Court will adopt the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  A Judgement consistent with this Opinion and Order will issue given that it resolves all pending claims.  *See* FED. R. CIV. P. 58.

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 47) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 41) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 26) is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by Defendants Dirschell and Blount (ECF No. 35) is GRANTED and Defendants Dirschell and Blount are TERMINATED as parties to this lawsuit.


Dated:  March 25, 2026                                   /s/ Jane M. Beckering
                                                         JANE M. BECKERING
                                                         United States District Judge